UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENIS WILSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | Case No.  4:10CV01759 AGF |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $4,744.19 (26.1 hours at an hourly rate of $181.77), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in this action challenging the Commissioner of Social Security's denial of Plaintiff's application for disability insurance benefits and Supplemental Security Income benefits.  Plaintiff's request for fees is supported by appropriate documentation.

Recognizing the Supreme Court's holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), that an award of attorney's fees should be made payable to Plaintiff and not to Plaintiff's attorney, Plaintiff nonetheless contends that *Ratliff* left open the possibility that an attorney may collect such fees directly.  Plaintiff asserts that a fee award may be paid directly to the attorney when the plaintiff has assigned the right to claim such fees to the

attorney and where the plaintiff does not have any outstanding federal debt. Having assigned his right to collect attorney's fees to his attorney, Plaintiff requests that his award of attorney's fees be made directly to his attorney, if it is determined that he owes no federal debt.

In response to Plaintiff's motion for attorney's fees, the Commissioner states that he does not object to the award of attorney's fees or to the amount sought. The Commissioner suggests, however, that "[f]ollowing an order by this Court awarding an EAJA fee to Plaintiff, Defendant will verify whether Plaintiff owes a debt to the United States that is subject to offset. If there is no debt owed by Plaintiff, the fee will be made payable to Plaintiff's attorney based on the assignment."

The Court disagrees with the interpretation of *Ratliff* espoused by the parties. In its decision, the Supreme Court stated that the Government's history of paying EAJA awards directly to attorneys where the plaintiff did not have federal debt and where the plaintiff had assigned the right to receive the fees to the attorney did not change the Supreme Court's interpretation of the EAJA requiring that an award of attorney's fees be made directly to the "prevailing party." *Id*. at 2529. The Court therefore believes that the better practice is to follow the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the "prevailing party."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $4,744.19. [Doc. #27]

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.


    */s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2011.